*United States v. Vanhise*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of January, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                                          No. 18-2228

MICHAEL VANHISE, AKA SEALED DEFENDANT 1,

*Defendant-Appellant,*

GILBERTO VALLE, AKA SEALED DEFENDANT 1,
ROBERT CHRISTOPHER ASCH, AKA CHRIS,
RICHARD MELTZ, AKA RICK,

*Defendants.*

———————————————————————————

FOR APPELLEE:                                COURTNEY L. HEAVEY, Assistant United
                                                            States Attorney (Won S. Shin, Assistant

United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

FOR DEFENDANT-APPELLANT:	ELIZABETH E. MACEDONIO, The Law Offices of Elizabeth E. Macedonio, New York, N.Y.

KRISTEN M. SANTILLO, Gelber & Santillo PLLC, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on July 25, 2018, is **AFFIRMED**.

Defendant-Appellant Michael Vanhise ("Vanhise") appeals from a judgment entered on July 25, 2018, following a 2014 jury trial in the United States District Court for the Southern District of New York (Gardephe, *J.*), convicting him of violating 18 U.S.C. § 1201(c) by conspiring to kidnap members of his family. On August 8, 2017, the District Court denied Vanhise's post-trial motions seeking a judgment of acquittal or, in the alternative, a new trial, under Federal Rules of Criminal Procedure 29 and 33. On July 24, 2018, the District Court sentenced Vanhise principally to seven years' imprisonment. On appeal, Vanhise challenges the sufficiency and weight of the supporting evidence and the denial of his motion for a new trial, which he based primarily on an argument of improper joinder. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm the judgment of conviction and the order denying Vanhise's post-trial motions.

2

## **DISCUSSION**

### I.      Sufficiency of the Evidence

We review a sufficiency of the evidence challenge *de novo*, "but defendants face a heavy burden, as the standard of review is exceedingly deferential." *United States v. Baker*, 899 F.3d 123, 129 (2d Cir. 2018) (internal quotation marks omitted). A judgment of acquittal "can be entered 'only if the evidence that the defendant committed the crime alleged is nonexistent or so meager' that no 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Taylor*, 816 F.3d 12, 22 (2d Cir. 2016) (quoting *United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir. 2004)). As we said in *United States v. Santos*, "in a conspiracy case, deference to the jury's findings is especially important . . . because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel." 541 F.3d 63, 70 (2d Cir. 2008) (alteration in original) (internal quotation marks omitted)).

The jury found Vanhise guilty of conspiring with his co-defendants, Richard Meltz ("Meltz") and Christopher Asch ("Asch"), to kidnap members of Vanhise's family. Vanhise argues that the evidence is insufficient to show either a genuine agreement or his criminal intent. We are not persuaded.

First, Vanhise argues that insufficient evidence was adduced at trial for the jury to find a genuine agreement among Vanhise and his co-conspirators to kidnap members of Vanhise's family. *See United States v. Iennaco*, 893 F.2d 394, 398 (D.C. Cir. 1990) ("Exploratory and inconclusive or preliminary discussions and negotiations are not sufficient to establish an agreement." (internal quotation marks omitted)). Vanhise contends that the District Court rested its sufficiency decision on evidence suggesting that he met with Asch and discussed the future crime. According to Vanhise, the in-person meeting occurred in Spring 2011, "nearly a year before March 2012,"—when Vanhise and Asch began emailing about kidnapping members of Vanhise's family. Appellant's Br. at 39-40. Vanhise argues that the District Court incorrectly found that his in-person meeting with Asch in Trenton, New

3

Jersey took place in early 2012. Vanhise contends, therefore, that the timing of the Trenton meeting, over a year in advance of the damning emails, made it "insufficient to establish an agreement" between Vanhise and his co-defendants to kidnap his family members. *Id.*

The date of the Trenton meeting, however, is not the only piece of evidence the Government adduced to establish an agreement. As the Court also noted, the Government "presented evidence of email conversations, phone conversations, and in-person meetings among Asch, Meltz, and [Vanhise] in which they devised a plan to kidnap [Vanhise's] family members and prepared to do so." *United States v. Asch*, 775 F. App'x 15, 17 (2d Cir. 2019). The in-person meeting, even assuming Vanhise is correct that it occurred one year ahead of conversations discussing plans to kidnap Vanhise's family members, still tended to support the reality of the agreement, in the face of a defense that these individuals were no more to each other than companions in fantasy. We cannot conclude that no rational jury could have found that Vanhise, Asch, and Meltz conspired to kidnap one or more members of the Vanhise family.

Second, Vanhise contends that the Government's evidence did not provide a sufficient basis for concluding that he had the specific intent to commit the object of the conspiracy—the kidnapping. Vanhise argues that this case is like *United States v. Valle*, where we affirmed a district court's conclusion that the defendant did not have the requisite criminal intent and rather was fantasizing about committing a crime. 807 F.3d 508, 516-23 (2d Cir. 2015). In *Valle*, this Court concluded that the separation between Valle's online and offline worlds was persuasive evidence that the defendant's schemes were only fantasies. *Id.* at 517 ("[T]he fantastical elements of the chats combined with the impersonal nature of the interactions provides pervasive and unmistakable indicia of deep fantasy."). Here, however, unlike in *Valle*, Vanhise's interactions with his co-conspirators were not limited to his online persona; instead, he formed real-world relationships with them. They knew about each

4

other's lives, their real identities, and (as the District Court laid out in detail) were engaged in real-life interactions—or so a jury could rationally have found.[1]

Vanhise's own statements also evinced his intent to commit the kidnapping. For example, he repeatedly professed to both his co-conspirators his desire to abduct, imprison, hang, rape, torture, and kill his intended victims. In addition, when Vanhise discussed the rape and torture of his family members with an individual named "D N" online, Vanhise said that he was "very serious about this" and "want[ed] reality," not fantasy. App'x at 550. Vanhise also insisted that he wanted his wife "raped tortured and hanged" and demanded to know whether "D N" was "interested for real." *Id.* We conclude that on this record, a rational jury could convict Vanhise on Count One, as this jury did.

## II. Weight of the Evidence

This court reviews denials of Rule 33 motions for abuse of discretion. *United States v. Scotti*, 47 F.3d 1237, 1241 (2d Cir. 1995). Rule 33 confers "broad discretion upon a trial court to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice," *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992), and, unlike a Rule 29 challenge, courts may grant a Rule 33 motion where the verdict is contrary to "the weight of the evidence," *United States v. Ferguson*, 246 F.3d 129, 136 (2d Cir. 2001).

Here, for substantially the same reasons as are set forth by the District Court in its thorough and thoughtful decision, we conclude that the jury's verdict against Vanhise is not contrary to the weight of the evidence. The Government offered substantial evidence that Vanhise and his co-conspirators formed a genuine conspiratorial agreement; that they intended to commit a kidnapping; and that they participated in overt acts in furtherance of the charged conspiracy. *See United States v. Persico*, 645 F.3d 85, 110 (2d Cir. 2011) (viewing

---

[1] As we explained in *Asch*, 775 F. App'x at 18, the evidence here went far beyond internet chats and emails. Instead, Vanhise and his co-conspirators met in person. Vanhise used his real name and shared details of his life with his co-conspirators. While Valle's communications online were replete with lies, Vanhise and his co-conspirators shared truthful information about their lives. For instance, Vanhise told Asch in August 2012 that he was getting divorced, and that his wife was staying with her sister. He also told Asch that his wife was pregnant and that she had previously attempted suicide. All of this information was true and could have reasonably suggested to the jury that Vanhise understood Asch and Meltz to be his co-conspirators in a criminal plot that he intended to commit.

5

the evidence "as a whole" to determine that the district court did not abuse its discretion in denying a Rule 33 motion). Vanhise has offered no persuasive reason for concluding that his conviction after trial constituted a miscarriage of justice. We conclude, therefore, that the District Court did not abuse its discretion in determining that the jury's verdict as to Vanhise was not against the weight of evidence.

## III. Severance

This Court reviews denial of severance motions for abuse of discretion. *United States v. Diaz*, 176 F.3d 52, 102 (2d Cir. 1999). In light of the strong preference to conduct a single trial for defendants who are indicted together, *Zafiro v. United States*, 506 U.S. 534, 537 (1993), we will reverse a district court's denial of a severance motion only if a defendant can "show prejudice so severe that his conviction constituted a miscarriage of justice," *United States v. Rosa*, 11 F.3d 315, 341 (2d. Cir. 1993).

Vanhise urges that he was denied a fair trial because of prejudicial spillover from evidence admitted at trial against his co-defendant, Asch, in a separate count of conspiracy to kidnap an undercover agent, with which Vanhise was not charged. The evidence at issue included numerous torture devices, such as a stun gun and leg-spreader. Vanhise contends that this evidence was "so inherently prejudicial that no limiting instruction c[ould] cure the prejudice." Appellant's Br. at 45.

We have long held that "the fact that evidence may be admissible against one defendant but not another does not necessarily require a severance." *United States v. Rittweger*, 524 F.3d 171, 179 (2d Cir. 2008) (internal quotation marks omitted). This is especially so where the charges against the defendants are "straightforward and the jury is properly instructed to consider the evidence against each defendant separately." *United States v. O'Connor*, 650 F.3d 839, 859 (2d Cir. 2011). Here, the charges under Counts One and Two—conspiracy to commit a kidnapping—were "straightforward," *see id.*, and "adequately distinct," *United States v. Hernandez*, 85 F.3d 1023, 1029 (2d Cir. 1996). Second, the District Court's jury instructions cured any potential prejudice from the joint trial. Over the course of the trial, the court instructed the jury that specific evidence was admitted solely against Asch

and could not be considered against Vanhise. *See Rittweger*, 524 F.3d at 179 (rejecting claim of spillover prejudice where the district court "gave limiting instructions throughout the trial"). Vanhise provides no basis to depart from the general assumption that "juries follow the instructions they are given." *United States v. Agrawal*, 726 F.3d 235, 258 (2d Cir. 2013). Finally, as the District Court aptly noted, a jury could have easily found the evidence of Vanhise's own guilt as to Count One—that he targeted his own family members for kidnapping, rape, torture, and murder, and shared their names, photographs, and location with co-conspirators—to be just as disturbing as the physical evidence admitted against Asch as to Count Two (if not more so). *See United States v. Vanhise*, No. 12-CR-847 (PGG), 2017 WL 3425750, at *47 n.29 (S.D.N.Y. Aug. 8, 2017). We therefore conclude that the District Court did not abuse its discretion in denying Vanhise's motion for a new trial based on his argument of prejudice from improper joinder.

\* \* \*

We have considered Vanhise's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

7